1

2

3

4

5

6

7

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

2:13-CV-1999 JCM (NJK)

| |
|---|
| HAKKASAN LV, LLC, a Nevada limited liability company, HAKKASAN LIMITED, a foreign private limited company, <br><br> Plaintiff(s), <br><br> v. <br><br> VIP, UNLTD, LLC, et al., <br><br> Defendant(s). |

8

9

10

11

12

13

14

15

16                                             **ORDER**

17          Presently before the court is plaintiff Hakkasan LV, LLC's and Hakkasan Limited's

18   ("plaintiffs") *ex parte* motion for a temporary restraining order. (Doc. # 4). Also before the court is

19   plaintiffs' motion for a preliminary injunction. (Doc. # 5).

20   **I. Background**

21          Plaintiffs own and operate Hakkasan, a nightclub and restaurant venue located inside the

22   MGM Grand Hotel and Casino on the Las Vegas strip, along with several other Hakkasan locations

23   around the world. Hakkasan Limited claims to be the owner of a federal trademark registration for

24   "HAKKASAN" for bar and restaurant services and has a pending trademark application for

25   nightclubs and related services. Hakkasan Limited licenses these marks to Hakkasan LV in

26   connection with its ownership of the Hakkasan Las Vegas venue. Plaintiffs claim to have spent

27   millions of dollars to advertise their marks in print, broadcast media, and on the internet.

28

James C. Mahan
U.S. District Judge

1    Plaintiffs allege that defendants Andrew Rockwell and VIP, UNLTD, LLC ("defendants")

2 registered the domain name <www.hakkasannightclubvegas.com> on February 26, 2013. Plaintiffs

3 claim that this web site contains their registered trademarks as well as other images "stolen directly

4 from [] plaintiffs' own nightclub website." (Doc. # 4, 5:13-16). According to plaintiffs, defendants

5 have used this web site since March 2013 to offer "counterfeit services, including access to the

6 Hakkasan Las Vegas nightclub, VIP, bottle, and event services. . . ." *Id.* at 5:23-26. Plaintiffs have

7 not authorized defendants to sell any services to the public on their behalf.

8    On September 19, 2013, plaintiffs sent a cease and desist letter to defendants regarding the

9 use of Hakkasan trademarks on the <www.hakkasannightclubvegas.com> web site. In response,

10 defendant Rockwell stated that he would not cease his use of the domain name for a web site

11 concerning the Hakkasan Las Vegas night club. Plaintiffs are concerned that defendants have been

12 inducing members of the public to purchase services that they believe are associated with the

13 Hakkasan Las Vegas nightclub.

14 **II. Legal Standard**

15    Federal Rule of Civil Procedure 65 allows a court to issue a temporary restraining order when

16 the moving party provides specific facts showing that immediate and irreparable injury, loss, or

17 damage will result before the adverse party's opposition to a motion for preliminary injunction can

18 be heard. The Supreme Court has stated that courts must consider the following factors in

19 determining whether to issue a temporary restraining order and preliminary injunction: (1) a

20 likelihood of success on the merits; (2) likelihood of irreparable injury if preliminary relief is not

21 granted; (3) balance of hardships; and (4) advancement of the public interest. *Winter v. Natural*

22 *Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). The Supreme Court has recognized that "a

23 preliminary injunction is an extraordinary and drastic remedy," *Munaf v. Green*, 553 U.S. 674, 676

24 (2008), that may be issued only "upon a clear showing that the plaintiff is entitled to such relief."

25 *Winter*, 555 U.S. at 22. The burden is on the plaintiff to establish each of the factors for a preliminary

26 injunction. *Id.* at 19.  The test is conjunctive, meaning the party seeking the injunction must satisfy

27 each element.

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1    Additionally, post-*Winter*, the Ninth Circuit has maintained its "serious questions" version

2    of its "sliding scale" test. *See Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127 (9th Cir.

3    2011). "Under this approach, the elements of the preliminary injunction test are balanced, so that

4    a stronger showing of one element may offset a weaker showing of another." *Id.* at 1131. "Serious

5    questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can

6    support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a

7    likelihood of irreparable injury and that the injunction is in the public interest." *Id.* at 1135.

8    **III. Discussion**

9        Plaintiffs bring their motion for a temporary restraining order alleging violations of the Anti-

10   cybersquatting Consumer Protection Act. 15 U.S.C. § 1125(d)(1)(A), as well as claims of trademark

11   infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1114(a).

12       A person shall be liable in a civil action by the owner of a mark if that person has a bad faith

13   intent to profit from that mark, and registers, traffics in, or uses a domain name that is: (1) identical

14   or confusingly similar to a mark that is distinctive at the time of the domain registration; or (2) is

15   identical or confusingly similar to or dilutive of a mark that is famous at the time of the domain

16   registration. 15 U.S.C. § 1125(d).  Similarly, a violation of 15 U.S.C. § 1114(1)(a) occurs when a

17   person, without the consent of the trademark owner, uses, "in commerce[,] any reproduction,

18   counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering

19   for sale, distribution, or advertising of any goods or services on or in connection with which such

20   use is likely to cause confusion, or to cause mistake, or to deceive.

21       Here, having reviewed the motion and plaintiffs' complaint (doc. # 1) and accompanying

22   exhibits, the court finds plaintiffs are likely to succeed on the merits of their claims that the

23   <www.hakkasannightclubvegas.com> domain name as well as the content of the web site associated

24   with that domain name demonstrate a bad faith intent to profit from the HAKKASAN marks, and

25   that the <www.hakkasannightclubvegas.com> domain name is confusingly similar to the

26   HAKKASAN marks, which were distinctive and/or famous at the time of the domain registration

27   on February 26, 2013.

28

**James C. Mahan**
**U.S. District Judge**

- 3 -

1    The court finds that there is a likelihood of irreparable harm in the absence of preliminary

2    relief, that the public interest is served by the issuance of a temporary restraining order, and that the

3    balance of equities tips in plaintiffs' favor. Accordingly, plaintiffs' motion for a temporary

4    restraining order (doc. # 4) will be granted, and a hearing on the motion for a preliminary injunction

5    (doc. # 5) will be set prior to the expiration of the temporary restraining order.

6    The temporary restraining order shall go into effect upon plaintiffs' posting of a bond in the amount

7    of $100.

8         Accordingly,

9         IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiffs' *ex parte* motion

10   for a temporary restraining order (doc. # 4) be, and the same hereby is, GRANTED.

11        IT IS FURTHER ORDERED that defendants, their respective officers, agents, servants,

12   employees and/or all persons acting in concert or participation with them, or any of them, are

13   prohibited from: (1) using plaintiff Hakkasan Limited's trademarks or confusingly similar variations

14   thereof, alone or in combination with any other letters, words, letter strings, phrases or designs, in

15   commerce or in connection with any business or for any other purpose (including, but not limited

16   to, on web sites and in domain names); and (2) registering, owning, leasing, selling, or trafficking

17   in any domain names containing plaintiff Hakkasan Limited's trademarks or confusingly similar

18   variations thereof, alone or in combination with any other letters, words, phrases or designs; and that

19   defendants are prohibited from transferring the domain name <www.hakkasannightclubvegas.com>

20   during the pendency of this action or until further order of the court.

21        IT IS FURTHER ORDERED that pursuant to 15 U.S.C. § 1125(d)(1)©, the domain name

22   <www.hakkasannightclubvegas.com> shall be immediately locked by the registrar and/or its

23   successor registrars.

24        IT IS FURTHER ORDERED that defendants immediately cease and desist any and all use

25   of the HAKKASAN name and mark and any and all variants thereto, including use of the

26   <www.hakkasannightclubvegas.com> domain name.

27   . . .

28

**James C. Mahan**
**U.S. District Judge**

- 4 -

1         IT IS FURTHER ORDERED that the registrar and/or its successor registrars remove all

2    existing domain name server ("DNS") entries and corresponding addresses, and enter the registrar's

3    default DNS and address entries to prevent further damage caused by the infringing use of the

4    <www.hakkasannightclubvegas.com> domain name.

5         IT IS FURTHER ORDERED that defendants shall, pursuant to 15 U.S.C. § 1116(a), file with

6    this court and serve upon plaintiffs within thirty (30) days after entry of this order, a report in writing

7    under oath setting forth in detail the manner and form in which defendants have complied with this

8    order.

9         IT IS FURTHER ORDERED that this temporary restraining order shall be effective upon the

10   posting by plaintiffs of a bond in the amount of $100.00.

11        **IT IS FURTHER ORDERED that the parties are to appear for hearing and oral**

12   **argument regarding plaintiffs' motion for a preliminary injunction on November 15, 2013, at**

13   **10:00 a.m.**

14        IT IS FURTHER ORDERED that, to ensure defendants receive timely notice of the hearing,

15   plaintiffs may, in addition to the requirements set forth in Rules 4 and 5 of the Federal Rules of Civil

16   Procedure, serve their motions, this order and all other pleadings filed to date on defendants by

17   electronic mail.

18        IT IS FURTHER ORDERED that defendants shall file and serve opposition papers, if any,

19   no later than November 11, 2013. Plaintiffs shall file and serve their reply, if any, no later than

20   November 14, 2013.

21        DATED November 1, 2013 at 10:45 a.m.

22

23                                     **UNITED STATES DISTRICT JUDGE**

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**