LAURI S. THOMPSON, ESQ.
Nevada Bar No. 6846
thompsonl@gtlaw.com
LARAINE BURRELL, ESQ.
Nevada Bar No. 8771
burrelll@gtlaw.com
SHAUNA L. WELSH, ESQ.
Nevada Bar No. 11320
welshs@gtlaw.com
GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002
*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| HAKKASAN LV, LLC, a Nevada limited liability company, HAKKASAN LIMITED, a foreign private limited company,<br><br>Plaintiffs,<br><br>v.<br><br>VIP, UNLTD, LLC, a Nevada limited liability company, ANDREW ROCKWELL, an individual,<br><br>Defendants. | Case No.: 2:13-cv-01999-JCM-NJK<br><br>**AMENDED PRELIMINARY INJUNCTION ORDER** |

Pending before the court is plaintiffs' motion for preliminary injunction. Plaintiffs allege six causes of action, injunctive relief and damages. The causes of action are: (1) trademark infringement and counterfeiting under 15 U.S.C. § 1114; (2) unfair competition under 15 U.S.C. § 1125(a); (3) common law trademark infringement; (4) deceptive trade practices under N.R.S. 798.0903, et seq.; (5) fraud and (6) intentional interference with prospective economic advantage.

A hearing on the motion for preliminary injunction was conducted on November 15, 2013 at 10:00 a.m. The defendants were given notice of the hearing through electronic mail as authorized by the court. Defendants have failed to respond to the motion for preliminary injunction.

Upon consideration of the motion filed by plaintiffs HAKKASAN LV, LLC, and HAKKASAN LIMITED, ("plaintiffs"), requesting a preliminary injunction requiring defendants Andrew Rockwell and VIP UNLTD, LLV ("defendants") to immediately cease and desist all use of the <www.hakkasannightclubvegas.com> domain name (the "infringing domain name") and plaintiffs' mark and requiring the domain name registrar to lock the domain names at issue, the supporting memorandum of points and authorities, the supporting declarations and evidence, the record in this case, and for other good cause shown:

THE COURT FINDS AND CONCLUDES THAT:

1. This court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

2. The court has personal jurisdiction over the defendants in that defendants **committed possibly** tortious acts that they knew or should have known would cause injury to plaintiffs in the State of Nevada.

3. Plaintiffs have made extensive use of the HAKKASAN marks in relation to nightclubs, nightclub services in the nature of reservation and booking services for the purpose of arranging for admission to nightclubs and related services.

4. Defendants have registered the infringing domain names incorporating plaintiffs' business names;

5. Defendants have used plaintiffs' marks as part of the internet domain name <www.hakkasannighclubvegas.com> without plaintiffs' authority or permission.

6. A preliminary injunction may be issued if plaintiffs establish: (1) the plaintiffs will probably prevail on the merits; (2) plaintiffs will likely suffer irreparable injury if relief is denied; (3) the balance of equities tips in plaintiffs' favor; and (4) an injunction is in the public interest. *Winter v. Natural Res. Defense Council, Inc.,* 555 U.S. 7, 20 (2008). Alternatively, an injunction may issue under the "sliding scale" approach if there are serious questions going to the merits and the balance of hardships tips sharply in plaintiff's favor, so long as plaintiffs still show a likelihood of irreparable injury and that an injunction is in the public interest. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011)

LV 420110941v3

7. "An injunction is a matter of equitable discretion and is an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Earth Island Inst. V. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010) (internal quotation marks omitted).

8. A person shall be liable in a civil action by the owner of a mark if that person has a bad faith intent to profit from that mark, and registers, traffics in, or uses a domain name that is: (1) identical or confusingly similar to a mark that is distinctive at the time of the domain registration; or (2) identical or confusingly similar to or dilutive of a mark that is famous at the time of the use of the domain registration.  16 U.S.C. § 1126(d).

9. After consideration of the motion and plaintiffs' complaint, and accompanying exhibits, the court finds and concludes plaintiffs are likely to succeed on the merits of their claims under the Lanham Act that the <www.hakkasannightclubvegas.com> domain name demonstrates a bad faith intent to profit from the HAKKASAN marks and that the <www.hakkasannightclubvegas.com> domain name is confusingly similar to the plaintiffs' mark, which was distinctive or famous at the time of the domain registrations.

10. Plaintiffs have demonstrated a likelihood of success on the merits of their cybersquatting claims against defendant under the Lanham Act, 15 U.S.C. § 1125(d).

11. Plaintiffs have also demonstrated a likelihood of success on the merits of their trademark infringement claims against defendant under the Lanham Act, 15 U.S.C. § 1114.

12. Plaintiffs have also demonstrated a likelihood of success on the merits of their unfair competition claims against defendant under the Lanham Act, 15 U.S.C. § 1125(a).

13. Plaintiffs will suffer irreparable injury if the court does not require the domain name registrar godaddy.com (the "registrar") to lock the <www.hakkasannightclubvegas.com> infringing domain name pending litigation of this matter.

14. Plaintiffs have demonstrated that they will suffer irreparable harm if a preliminary injunction is not entered because defendant could transfer the infringing domain name to another registrant or registrar.  Transfer of the infringing domain name to another registrant would deprive the court of jurisdiction and require plaintiffs to file additional suits to recover its intellectual

LV 420110941v3

property.  Transfer of the infringing domain name to another registrar would require plaintiffs to expend significant effort and financial resources to track the registration.

15. The balance of hardships tips in favor of plaintiffs because issuance of the injunction would merely lock the domain names pending trial, and failure to issue the injunction would cause plaintiffs to suffer irreparable injury to their name and marks and the associated goodwill if defendant is not enjoined from registering, maintaining the registration on or using domain names containing plaintiffs' marks or marks confusingly similar thereto.

16. There is no likelihood of harm to the public from the preliminary injunction now being granted.

IT IS THEREFORE ORDER, ADJUDGED AND DECREED that:  the application for preliminary injunction is hereby GRANTED:

IT IS FURTHER ORDERED that, pursuant to 15 U.S.C. § 1125(d)(1)(C), the domain name <www.hakkasannightclubvegas.com> shall be immediately locked and/or remain locked by the registrar and/or its successor registrars pending the resolution of this action;

IT IS FURTHER ORDERED that defendants, their respective officers, agents, servants, employees and/or all persons acting in concert or participation with them, or any of them, are prohibited from (1) using plaintiffs' trademarks or confusingly similar variations thereof, alone or in combination with any other letters, words, letter strings, phrases, or designs, in commerce or in connection with any business or for any other purpose (including, but not limited to, on websites and in domain names); and (2) registering, owning, leasing, selling or trafficking in any domain names containing plaintiffs' trademarks or confusingly similar variations thereof, alone or in combination with any other letters, words, letter strings, phrases, or designs; and that defendant is prohibited from transferring the domain name <www.hakkasannightclublasvegas.com> during the pendency of this action or until further order of the court.

IT IS FURTHER ORDERED that the registrar and/or its successor registrar remove all exhibiting domain name servers (DNS) entries and corresponding addresses, and enter the registrar's default DNS and address entries to prevent further damage caused by the infringing use of the infringing domain name.

LV 420110941v3

IT IS FURTHER ORDERED that defendants shall file, pursuant to 15 U.S.C. § 1116(a), with this court and serve upon plaintiffs within thirty (30) days after entry of this order, a report in writing under oath setting forth in detail the manner and form in which defendants have complied with this court's order; and

IT IS FURTHER ORDERED that the bond posted with this court in the amount of one hundred and no/100 dollars ($100.00) shall be applied to this preliminary injunction.

The Court permits service of the preliminary injunction by electronic mail in addition to effectuating service as required by Fed.R.Civ. P. 4 & 5.

*[signature]*
UNITED STATES DISTRICT JUDGE

Date/Time: November 18, 2013 at 2:00 p.m.

Respectfully submitted by:

GREENBERG TRAURIG, LLP

/s/ Laraine M.I. Burrell
Lauri S. Thompson (Bar No. 6846)
Laraine M.I. Burrell (Bar No. 8771)
Shauna L. Welsh (Bar No. 11320)
3773 Howard Hughes Parkway, Suite 4North
Las Vegas, Nevada 89169
*Counsel for Plaintiff*