RECEIVED
SERVED ON
FILED
ENTERED
COUNSEL/PARTIES OF RECORD

FEB 20 2014

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:_____ DEPUTY

1    Andrew Rockwell
     4426 Via San Rafael
2    Las Vegas, NV 89103
     Pro Se
3

4

5                    **UNITED STATES DISTRICT COURT**

6                        **DISTRICT OF NEVADA**

7
     HAKKASAN LV, LLC,                    )   Case No.: 2:13-cv-01999-JCM-NJK
8                                         )
     HAKKASAN LIMITED                     )
9                                         )              ANSWER
              Plaintiffs,                 )
10                                        )
          vs.                             )
11                                        )
     Andrew Rockwell,                     )
12                                        )
              Defendant
13   _____

14

15        COMES NOW Andrew Rockwell in answering the allegations of the Complaints on

16   file herein, affirms, denies and alleges as follows:

17        Answering Count 1 - Trademark Infringement and Counterfeiting under the Lanham

18   Act, 15 U.S.C. §1114  herein, Defendant denies all allegations.

19        Answering Count 2 - Unfair Competition under 15 U.S.C. § 1125(a) herein,

20   Defendant denies all allegations.

21        Answering Count 3 - Cybersquatting under 15 U.S.C. § 1125(d) herein, Defendant

22   denies all allegations

23        Answering Count 4 - Common Law Trademark Infringement herein, Defendant affirms

24   in part based on his knowledge but denies that loss of revenue was sustained as result

25   of ownership of HakkasanNightclubVegas.com or content contained therein

26        Answering Count 5 - Deceptive Trade Practices Under N.R.S. 598.0903, et esq.

27   herein, Defendant denies all allegations.

28        Answering Count 6 - Fraud  herein, Defendant denies all allegations.

1    Answering Count 7 – Intentional Interference with Prospective Economic

2    Advantage  herein, Defendant denies all allegations.

3    Answering Count 8 – Copyright *Infringement* under 17 U.S.C. § 501  herein,

4    Defendant denies all allegations.

5

6    Pursuant to Rule 12(b)(5) of the Nevada Rules of Civil Procedure, Defendant Andrew

7    Rockwell (Defendant), hereby moves this Court to dismiss all of the claims for relief

8    asserted against him by Plaintiffs'. In the alternative, Defendant moves for a more

9    definite statement of the claims purported against Defendant. This Motion is based on

10   the following Memorandum of Points, all other papers and pleadings on file with the

11   Court, and any oral argument the Court may permit.

12   The Defendant now brings forth the following Affirmative Defenses:

13

14                          **MEMORANDUM OF POINTS**

15   **Defense 1 – Nominative Fair Use**

16       Defendant answering the Complaint herein, alleges that all allegations and

17   counts brought forth therein fails to state a claim for which relief can be granted.

18   Plaintiffs allegation that Defendants' use of the "Hakkasan" mark in commerce is to

19   "deceive consumers" into "purchasing counterfeit services" is categorically false.

20   Should consumers avail themselves of the website/ service they receive authentic VIP

21   services (bottle service) at the actual Hakkasan Nightclub as we do not have the

22   unlimited resources available to build a counterfeit club, or distill our own liquor

23   for bottle service to deceive clients. As such, if one was to buy a pair of brand new

24   Nike shoes from a local store at a discounted price, would the courts side with Nike

25   if they brought litigation against that individual for putting the shoes for sale on

26   eBay using images of Nikes trademarked logo or pictures of the shoes themselves? It's

27   doubtful.  The courts have previously asserted that the requirements to resell a

28   product is that it must have been lawfully purchased and authentic.  Should consumers

1  click the "Purchase Tickets" buttons *attached hereto as* **Exhibit 1,** on the

2  HakkasanNightclubVegas.com website, they are re-directed to our affiliate page with

3  TicketDriver.com, which the Plaintiff states in *Paragraph 21* of the Complaint "...all

4  tickets purchased directly from Hakkasan including Ticket Driver are authentic"

5  *attached hereto as* **Exhibit 2**

6  As such, Plaintiffs still receive full monetary compensation from the purchase of

7  tickets or from our booking of VIP services with clients, and there is no irreparable

8  injury, nor monetary loss to Plaintiff.

9

10  **DEFENSE 2 – Nominative Fair Use**

11      Defendant answering the Complaint herein, alleges that all allegations and

12  counts brought forth therein fails to state a claim for which relief can be granted.

13  Defendant asserts that the disclaimer on the front page of the website *See* **Plaintiffs'**

14  **Exhibit 5, page #35** states that site is merely a "source" for information about

15  Hakkasan Nightclub, and as such does not represent any affiliation with Plaintiffs'

16  venue. Furthermore, because nominative fair use does not implicate the source-

17  identification function that is the purpose of trademark, it does not constitute

18  unfair competition.

19

20  **DEFENSE 3 – Nominative Fair Use**

21      Plaintiffs' allegations state that Defendants use of

22  "HakkasahNightclubVegas.com" as a domain name infringes upon their famous and or

23  distinctive mark. Defendant cites a recent district court case from another circuit

24  which deals with an exact circumstance to these complaints, and ratified by written

25  agreements. In **TOYOTA MOTOR SALES v. TABARI** the opinion of Judge Kozinski found

26  Nominative Fair Use of the Tabaris' use of Toyota's federally registered trademark to

27  apply to their internet domain names Buy-A-Lexus.com and BuyOrLeaseALexus.com. The

28  court found that "when customers purchase a Lexus through the Tabaris they receive a

1 genuine Lexus car." and that " Toyota is using this trademark lawsuit to make it more

2 difficult for consumers to use the Tabaris to buy a Lexus." Similarly, as shown

3 previously (*See* **Exhibit 1&2**), when customers use the HakkasanNightclubVegas.com

4 website for tickets or services, they receive authentic tickets and bottle service

5 within the club. If the court finds that Defendant Rockwell is within his rights to

6 own the web domain/ website under this definition of Nominative Fair Use, that there

7 is no bad-faith intent to profit or deceive. As shown above, Plaintiffs' Complaint

8 fails to state a claim upon which relief can be granted against Defendant, even when

9 Plaintiffs'' allegations are accepted as true. Therefore, this Court should dismiss

10 this complaint with prejudice.

11

12 **DEFENSE 4 - Failure to State a Claim**

13    Internationally Hakkasan Limited is known and recognized as a restaurant

14 company, having only opened their first nightlife venue less than a year ago in Vegas

15 in April of 2013. The standards of Common Law Trademark tend to lean towards Common

16 Law status being granted when using a trademark within a geographic location/industry

17 for an extended period of time.

18    Since prior to April 2013, there was no Hakkasan Nightclub, or restaurant in

19 Las Vegas, claiming Common Law Trademark infringement is redundant since there was not

20 ample time to (a) establish duration and extent of use of the mark in connection

21 with the goods and services with which the mark is used; (b) duration and

22 extent of advertisement and promotion of the mark in this State; (c) channels

23 of trade for the goods or services with which the mark is used; and (d) the

24 degree of recognition of the mark in the trading areas and channels of trade

25 in this State used by the owner of the mark and the person against whom the

26 injunction is sought. As shown above, Plaintiffs' Complaint fails to state a claim

27 upon which relief can be granted against Defendant, even when Plaintiffs' allegations

28

1  are accepted as true. Therefore, this Court should dismiss this complaint with

2  prejudice.

3  **DEFENSE 5 - Failure to State a Claim**

4        Defendant denies claim based on banner statement header on

5  HakkasanNightclubVegas.com (*See* **Plaintiffs' Exhibit5, page#33**) which we hold as a

6  disclaimer of non-affiliation with Hakksan Nightclub. Furthermore, the nominative fair

7  use doctrine allows for such truthful use of a mark, even if the speaker fails to

8  expressly disavow association with the trademark holder, so long as it's unlikely to

9  cause confusion as to sponsorship or endorsement, which we believe was fully achieved

10  by the banner disclaimer at the top of the website. Furthermore Speakers are under no

11  obligation to provide a disclaimer as a condition for engaging in truthful, non-

12  misleading speech. As shown above, Plaintiffs' Complaint fails to state a claim upon

13  which relief can be granted against Defendant, even when Plaintiffs' allegations are

14  accepted as true. Therefore, this Court should dismiss this complaint with prejudice.

15

16  **DEFENSE 6 - Nominative Fair Use**

17        Defendants' affirm that the images and event information contained within the

18  website in question are compiled together using information from the Venue Driver

19  event and ticketing page and various images from news sources and are Nominative Fair

20  Use as defined in ***TOYOTA MOTOR SALES v. TABARI***. Though not directly "authorized" by

21  the venue, we hold agreements with various hosts, promoter and management of Hakkasan

22  Nightclub, who we negotiate terms and conditions for services we help to provide.

23  Furthermore, Defendants' affirm that any monies generated through use of the website

24  directly benefit Plaintiffs. Defendant further declares that by proxy of affiliation

25  with Angel Management Group, that they are authorized promoters/marketing for Hakkasan

26  Nightclub as shown in Defendants' ***Exhibit 2*** which shows our affiliate code, and

27  affiliate hyperlink to TicketDriver.com that we have previously established in

28  Paragraph 1's response. Defendants' are not committing any fraud against the public,

1   or Plaintiff. Defendants further point out that numerous companies in Las Vegas

2   specialize in providing VIP services for clients within nightclubs and lounges in the

3   city who are not "authorized agents" yet generate business and revenues for venues

4   across the city, many of whom market themselves using keywords, string text, and

5   social media to generate leads for services. Using the search string "Hakkasan VIP"

6   turned up no less than 8 different companies claiming either guest list, or VIP

7   services for Hakkasan Nightclub within the first 4 pages of the Google's search

8   results. Assumedly, not all these websites/ companies/ independent hosts are

9   authorized resellers of VIP/bottle services at Hakkasan, nor are they are likely

10  granted license to use trademarked images, marks or copy and yet the Plaintiffs are

11  not currently pursuing litigation against any of them. *See Defendants'* **Exhibit 4**. As

12  shown above, Plaintiffs' Complaint fails to state a claim upon which relief can be

13  granted against Defendant, even when Plaintiffs' allegations are accepted as true.

14  Therefore, this Court should dismiss this complaint with prejudice.

15

16  **DEFENSE 7 – Affirmative Defense**

17        Defendant re-affirms that because of the pass through traffic for purchasing of

18  tickets and event services as well as the VIP services booked directly into

19  Plaintiffs' venue, that no interference with economic advantage or monetary loss has

20  occurred. As show above, the Plaintiffs have failed to state a complaint upon which

21  relief can be granted against Defendant, even when Plaintiffs allegations are accepted

22  as true. Therefore, this Court should dismiss Plaintiffs' Complaint with prejudice, or

23  at least, require Plaintiffs to clarify the basis for their allegations against

24  Defendant.

25

26  **DEFENSE 8 – Failure to State a Claim**

27        Defendant recognizes that Plaintiffs have filed for Federal Copyright

28  protection for photographs, source code (which is not protected due to Plaintiffs'

1  website being built on Wordpress content management system which is using a slightly

2  modified theme template called Encore that is available for purchase by anyone from

3  the themes author though the website Themeforest.com) authorized and therefo, text,

4  and images used on its website, but Defendant was not informed of this potential

5  infringement in the Cease and Desist letter sent Sept 19th of 2013, nor was a copy of

6  those copyright infringement claims or applications ever provided. The C&D only stated

7  that the use of the domain name HAKKASNNIGHTCLUBVEGAS.COM was at issue as the

8  Plaintiffs felt it infringed on their pending trademark filing. At the filing of this

9  complaint, the website was in maintenance mode displaying nothing more than a black

10  page with wording stating that the website was down for maintenance, while the

11  potentially infringing images were being removed. Infringement is not currently and

12  has not been occurring since the C&D sent in Sept. Because of the Plaintiffs' filing

13  of an *Ex Parte Injunction and Restraining Order* with the courts, our registrar has

14  locked the domain name and blocked our access to further modify or change the website

15  since October of 2013. As such Defendant sees this claim for relief as baseless since

16  the alleged infringement was already in the process of being reconciled when Plaintiff

17  filed the initial injunction with the District Courts as well as when Plaintiff filed

18  their *First Amended Complaint For Damages and Injunctive Relief.*  As show above, the

19  Plaintiffs have failed to state a complaint upon which relief can be granted against

20  Defendant, even when Plaintiffs allegations are accepted as true. Therefore, this

21  Court should dismiss Plaintiffs' Complaint with prejudice, or at least, require

22  Plaintiffs to clarify the basis for their allegations against Defendant.

23

24                              **Conclusion**

25        Based on the foregoing, Defendant respectfully requests that this Court

26  dismiss, with prejudice, Plaintiffs' claims for relief asserted against Defendant,

27  including the claims for: (1) Trademark Infringement and Counterfeiting; (2) Unfair

28  Competition; (3) Cybersquatting; (4) Common Law Trademark Infringement; (5) Deceptive

1  Trade Practices; (6) Fraud; (7) Intentional Interference with Prospective Economic

2  Advantage; and (8) Copyright Infringement. Alternatively, Defendant requests that

3  Plaintiffs' be compelled to allege specific facts that show Plaintiffs' alleged

4  entitlement to relief against Defendant. These complaints only have been filed by

5  Plaintiffs because Defendants refusal to surrender the "infringing" web domain name

6  and $16,000 out of court settlement as Plaintiff demanded.

7  WHEREFORE, Defendant prays that the Plaintiff take nothing and the Defendant have

8  judgment against the Plaintiff and recover the costs of suit herein, and such other

9  relief the court may deem proper.

10

11                                        Dated this 17th day of February, 2014

12

13

14                                        Andrew Rockwell
                                          4426 Via San Rafael
15                                        Las Vegas, NV. 89103

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit 1

# MaxButtons: Button List

*Brought to you by* **MAX FOUNDRY** *makers of MaxGalleria and Maxinbound*

Buttons     Go Pro     Support

## Buttons

Bulk Actions   ▾   Apply

| Button | Name and Description | Shortcode | Actions |
|---|---|---|---|
| **Buy Tickets!** | AMG | [maxbutton id="1"] | Edit | C... |

Copy        Move to Trash        Delete Permanently

To use this button, place the following shortcode anywhere in your site content: **[maxbutton id="1"]**

**Basics**

**Name**          AMG          *Something that you can quickly identify the button with.*

**Description**          *Brief explanation about how and where the button is used.*

**URL**          http://ticketdriver.com/amg/buytickets?afc=B8AEX1H1          *The link when the button is clicked.*

**Text**          Buy Tickets!          *The actual words that appear on the button.*

**Open in New Window**

**Use rel="nofollow"**

The top is the normal button, the bottom one is the hover.

Buy Tickets!

*Buy Tickets!*

Change this color to see your button on a different background.

# Exhibit 2

# venuedriver

VIP UNLTD

all venues

updates    events    guest lists    customers

## Affiliate links

Your affiliate ticket sale link is: http://ticketdriver.com/amg/buy/tickets?afc=BRAEX1H1
Your affiliate reservation signup link is: http://www.venuedriver.com/amg/apps/web/reservation?afc=BRAEX1H1
Your affiliate guest signup link is http://www.venuedriver.com/amg/apps/web/guestlist?afc=BRAEX1H1

## AMG Advocate Marketing Program

*Beta:* Your social media statistics are available at the dashboard

## Your performance

From: October 29, 2013    To: November 12, 2013    Update

## Pass Statistics

barcode pass  0 passes  0 female  0 male  0

Mon, October 28  Tue, October 29  Wed, October 30  Thu, October 31  Fri, November 01  Sat, November 02  Sun, November 03  Mon, November 04  Tue, November 05  Wed, November 06  Thu, November 07  Fri, November 08  Sat, November 09  Sun, November 10  Mon, November 11  Tue, November

# Exhibit 3







# Exhibit 5



