UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HAKKASAN LV, LLC, et al., | Case No. 2:13-CV-1999 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| VIP, UNLTD, LLC, et al., | |
| Defendant(s). | |

Presently before the court is *pro se* defendant Andrew Rockwell's (hereinafter "Rockwell") motion to set aside default. (Doc. # 59). Plaintiffs Hakkasan LV, LLC and Hakkasan Limited (hereinafter "plaintiffs") filed a response. (Doc. # 61). Rockwell did not file a reply, and the deadline to reply has now passed.

**I.   Background**

This case arises from defendants Andrew Rockwell and VIP UNLTD, LLC's (hereinafter "defendants") violations of plaintiff's intellectual property rights, including but not limited to infringement of plaintiff's "Hakkasan" trademark. On October 30, 2013, plaintiffs filed their complaint. (Doc. # 1). On November 13, 2013, a summons was returned executed as to defendants. (Doc. # 11). On February 20, 2014, Rockwell filed an answer. (Doc. # 24).

On April 1, 2014, plaintiffs filed a motion for entry of clerk's default as to VIP, UNLTD, LLC ("VIP"). (Doc. # 26). On April 2, 2014, the clerk entered default against VIP. (Doc. # 28). On June 2, 2014, plaintiffs filed a motion for default judgment against VIP. (Doc. # 29). The court entered a default judgment against VIP on June 12, 2014. (Doc. # 32).

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

On August 5, 2014, plaintiffs filed a motion for partial summary judgment on the issue that Rockwell is personally liable for the judgment entered against VIP. (Doc. # 34). On August 25, 2014, plaintiffs filed a motion for summary judgment on each of their claims against Rockwell. (Doc. # 35). Both motions went unopposed, and plaintiffs filed notices of non-opposition. (Docs. # 37, 38).

On October 14, 2014, the court ordered Rockwell to show cause as to why plaintiffs' motion for partial summary judgment on the issue of liability should not be granted. (Doc. # 39). The court instructed Rockwell to file any documentation in opposition to plaintiffs' motion within one week of the date of the order. (Doc. # 39). Rockwell again did not respond.

On October 27, 2014, the court granted plaintiff's motions for summary judgment. The court also issued a permanent injunction against Rockwell prohibiting him from using plaintiffs' trademarks. (Doc. # 40). On the same date, the clerk entered judgment in favor of plaintiffs. (Doc. # 41).

On December 10, 2014, plaintiffs filed motions for writs of execution against defendants. (Docs. # 55, 56). On December 11, 2014, the clerk entered writs of execution against VIP in the amount of $1,518,770.29, and against Rockwell in the amount of $1,472,181.79. (Docs. # 56, 57).

On December 30, 2014, Rockwell filed the instant motion to set aside default.

**II.   Legal Standard**

Federal Rule of Civil Procedure 55(c) states, "The court may set aside an entry of default for good cause . . . ." To determine if good cause exists, the court considers: "(1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (internal quotations omitted).

"[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Id.* However, the above-mentioned factors set forth a disjunctive test, meaning that a motion to set aside default should be denied if any factor weighs against the defaulting party. *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d

James C. Mahan
U.S. District Judge

- 2 -

1104, 1108 (9th Cir. 2000).

While the court considers the same factors prior to vacating an entry of default as it would a default judgment, the test is less stringent when a default judgment has not been entered. *See Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986).

### III.   Discussion

Rockwell's motion refers to the default entered on June 13, 2014. (Doc. # 59). This default was entered against VIP. While Rockwell's motion is ambiguous on this point, it appears that Rockwell is attempting to set aside the default and default judgment entered by the court against VIP. (Doc. # 59). The clerk's office never entered default against Rockwell, as he filed an answer. (Doc. # 24).

Because a corporation must be represented by counsel, Rockwell may not file a *pro se* motion to set aside the default against VIP. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993) ("[A] corporation may appear in the federal courts only through licensed counsel."). Accordingly, Rockwell's motion is appropriately denied.

To the extent Rockwell attempts to somehow seek reconsideration of the summary judgment entered against him, his arguments fail. While Rockwell failed to respond to either summary judgment motion in the case, the court considered each unopposed summary judgment motion on the merits pursuant to applicable law. *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 949-50 (9th Cir. 1993) (holding that a court must apply Federal Rule of Civil Procedure 56 and consider an unopposed summary judgment motion on the merits).

As plaintiffs note, Rockwell fails to cite or in any way address Federal Rule of Civil Procedure 60(b) in support of his motion. *See* Fed. R. Civ. P. 60(b) (setting forth grounds for relief from final judgment). Nevertheless, there is no evidence that any of these grounds are met in the instant case. Because Rockwell's motion fails to set forth any convincing argument regarding the judgments entered in this case, the requested relief will be denied.

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion to set aside default, (doc. # 59), be, and the same hereby is, DENIED.

DATED February 25, 2015.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -